**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA; and COMMODITY FUTURES TRADING COMMISSION, <br><br>     *Plaintiffs*, <br><br>     v. <br><br> STATE OF CONNECTICUT; NED LAMONT, in his official capacity as Governor of Connecticut; WILLIAM TONG, in his official capacity as Attorney General of Connecticut; BRYAN CAFFERELLI, in his official capacity as Commissioner of the Connecticut Department of Consumer Protection; CONNECTICUT DEPARTMENT OF CONSUMER PROTECTION, GAMING DIVISION; and KRISTOFER GILMAN, in his official capacity as Director of the Gaming Division of the Connecticut Department of Consumer Protection, <br><br>     *Defendants*, <br><br>     v. <br><br> MOHEGAN TRIBE OF INDIANS OF CONNECTICUT; and MASHANTUCKET PEQUOT TRIBAL NATION, <br><br>     *Proposed Intervenors-Defendants*. | Case No. 3:26-cv-498-VDO |

**<u>PROPOSED ANSWER IN INTERVENTION BY MOHEGAN TRIBE OF INDIANS OF CONNECTICUT AND MASHANTUCKET PEQUOT TRIBAL NATION TO THE UNITED STATES OF AMERICA'S AND COMMODITY FUTURES TRADING COMMISSION'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

Intervenor-Defendants Mohegan Tribe of Indians of Connecticut and Mashantucket Pequot Tribal Nation (collectively, "Intervenor-Defendants"), by and through their attorneys of record, hereby admit, deny, and otherwise respond to the Complaint for Declaratory and Injunctive Relief ("Complaint") filed by Plaintiffs United States of America and Commodity Futures Trading Commission ("CFTC"). Any and all allegations or inferences not specifically addressed herein are expressly denied.

## I.    INTRODUCTION

1.    Paragraph 1 sets forth a legal conclusion and Plaintiffs' characterization of their action and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 1.

2.    Paragraph 2 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants are without sufficient information to admit the truth or falsity of the allegations, and on that basis deny them.

3.    Paragraph 3 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 3.

4.    Paragraph 4 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 4.

5.    Paragraph 5 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants are without sufficient information to admit the truth or falsity of the allegations, and on that basis deny them.

6.    Intervenor-Defendants admit the allegations.

1

7. Answering Paragraph 7, Intervenor-Defendants admit that the Director of Gaming for the Connecticut Department of Consumer Protection has issued cease-and-desist letters to KalshiEX LLC, Robinhood Derivatives, LLC, and Crypto.com, but otherwise deny the allegations set forth in Paragraph 7.

8. Paragraph 8 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 8.

9. Paragraph 9 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 9.

10. Paragraph 10 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 10.

## II. JURISDICTION AND VENUE

11. Paragraph 11 sets forth a legal conclusion and thus requires no response. To the extent any response is required, the Intervenor-Defendants are without sufficient information to admit the truth or falsity of the allegations, and on that basis deny them.

12. Paragraph 12 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit the allegations set forth in Paragraph 12.

13. Paragraph 13 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 13.

### III.    PARTIES

14.    Answering Paragraph 14, Intervenor-Defendants admit that the United States of America enforces federal commodity derivatives laws through its agency, the CFTC.

15.    Paragraph 15 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the CFTC is an agency of the United States Government and that the cited provision grants the CFTC's General Counsel authority to represent the CFTC in courts of law, but otherwise deny the allegations set forth in Paragraph 15.

16.    Answering Paragraph 16, Intervenor-Defendants admit the allegations.

17.    Answering Paragraph 17, Intervenor-Defendants admit that Ned Lamont is the Governor of Connecticut.  Intervenor-Defendants further admit that the cited authority contains the quoted language.

18.    Answering Paragraph 18, Intervenor-Defendants admit that William Tong is the Attorney General for the State of Connecticut.

19.    Answering Paragraph 19, Intervenor-Defendants admit that Bryan T. Cafferelli is the Commissioner of the Connecticut Department of Consumer Protection.

20.    Answering Paragraph 20, Intervenor-Defendants admit the allegations.

21.    Answering Paragraph 21, Intervenor-Defendants admit that Kristofer Gilman is the Director of the Gaming Division for the Connecticut Department of Consumer Protection.

### IV.    OTHER RELEVANT ENTITIES OR AGENCIES

22.    Answering Paragraph 22, Intervenor-Defendants deny that the sports bets offered on Kalshi.com constitute "swaps" under federal law.  As to the remaining allegations, Intervenor-Defendants are without sufficient information to admit the truth or falsity of the allegations, and on that basis deny them.

23. Answering Paragraph 23, Intervenor-Defendants deny that the sports bets offered on nadex.com and crypto.com constitute "swaps" under federal law. As to the remaining allegations, Intervenor-Defendants are without sufficient information to admit the truth or falsity of the allegations, and on that basis deny them.

24. Answering Paragraph 24, Intervenor-Defendants deny that the sports bets offered by Robinhood constitute "swaps" under federal law. As to the remaining allegations, Intervenor-Defendants are without sufficient information to admit the truth or falsity of the allegations, and on that basis deny them.

## V.    FACTUAL ALLEGATIONS

25. Paragraph 25 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 25.

26. Paragraph 26 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 26.

27. Paragraph 27 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 27.

28. Paragraph 28 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that Congress created the CFTC in 1974 and that the CFTC is charged with administering and enforcing the Commodity Exchange Act, but otherwise deny the allegations set forth in Paragraph 28.

29.     Paragraph 29 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 29.

30.     Paragraph 30 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 30.

31.     Paragraph 31 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 31.

32.     Paragraph 32 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 32.

33.     Paragraph 33 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the CFTC has promulgated the cited regulations, but otherwise deny the allegations set forth in Paragraph 33.

34.     Paragraph 34 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 34.

35.     Paragraph 35 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 35.

36.     Paragraph 36 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants are without sufficient information to admit the truth or falsity of the allegations, and on that basis deny them.

37.     Paragraph 37 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 37.

38.     Paragraph 38 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 38.

39.     Paragraph 39 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 39.

40.     Paragraph 40 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that Congress passed the Future Trading Act of 1921 and the Grain Futures Act of 1922, but otherwise deny the allegations set forth in Paragraph 40.

41.     Paragraph 41 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that Congress passed the Commodity Exchange Act in 1936, but otherwise deny the allegations set forth in Paragraph 41.

42.     Paragraph 42 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that Congress passed the Commodity Futures Trading Commission Act in 1974, but otherwise deny the allegations set forth in Paragraph 42.

43. Paragraph 43 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 43.

44. Paragraph 44 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 44.

45. Paragraph 45 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 45.

46. Paragraph 46 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 46.

47. Paragraph 47 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that Congress passed the Futures Trading Act of 1978 and that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 47.

48. Paragraph 48 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that Congress passed the Futures Trading Act of 1982 and that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 48.

49. Paragraph 49 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that Congress passed the Futures

Trading Practices Act of 1992 and that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 49.

50.     Paragraph 50 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that Congress passed the Commodity Futures Modernization Act of 2000, but otherwise deny the remaining allegations set forth in Paragraph 50.

51.     Paragraph 51 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that Congress passed the Dodd-Frank Wall Street Reform and Consumer Protection Act in 2010 and that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 51.

52.     Paragraph 52 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 52.

53.     Paragraph 53 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 53.

54.     Paragraph 54 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that the CFTC has promulgated the cited regulations, but otherwise deny the allegations set forth in Paragraph 54.

55.     Paragraph 55 sets forth a legal conclusion and thus requires no response. To the extent any response is required, Intervenor-Defendants admit that the CFTC has promulgated the cited regulations, but otherwise deny the allegations set forth in Paragraph 55.

56.     Paragraph 56 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the CFTC published the cited advisory letter on March 12, 2026, but otherwise deny the allegations set forth in Paragraph 56.

57.     Paragraph 57 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the CFTC published in the Federal Register an advance notice of proposed rulemaking on March 16, 2026.  Intervenor-Defendants further respond that they are without sufficient information to admit the truth or falsity of the remaining allegations of Paragraph 57, and on that basis deny them.

58.     Paragraph 58 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that Connecticut issued cease-and-desist letters to KalshiEX LLC, Robinhood Derivatives, LLC, and Crypto.com.

59.     Paragraph 59 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants are without sufficient information to admit the truth or falsity of the allegations set forth in Paragraph 59, and on that basis deny them.

60.     Answering Paragraph 60, Intervenor-Defendants admit that the cease-and-desist letters contain the quoted language.

61.     Answering Paragraph 61, Intervenor-Defendants admit that the cease-and-desist letters contain the quoted language.

62.     Answering Paragraph 62, Intervenor-Defendants admit that the cited authority contains the quoted language.

63.     Answering Paragraph 63, Intervenor-Defendants admit that the cease-and-desist letters contain the quoted language.

64.     Answering Paragraph 64, Intervenor-Defendants admit that the referenced cease-and-desist letters state that failure to comply may result in civil and criminal penalties.

65.     Paragraph 65 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 65.

66.     Paragraph 66 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 66.

67.     Paragraph 67 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 67.

68.     Paragraph 68 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 68.

69.     Paragraph 69 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 69.

70.     Paragraph 70 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 70.

71.     Paragraph 71 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 71.

72.    Paragraph 72 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 72.

73.    Paragraph 73 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 73.

74.    Paragraph 74 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 74.

75.    Paragraph 75 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 75.

76.    Paragraph 76 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 76.

## VI.    CLAIMS FOR RELIEF

### A.    COUNT I

77.    Answering Paragraph 77, Intervenor-Defendants repeat and incorporate all previous responses as if fully restated herein.

78.    Paragraph 78 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 78.

11

79.     Paragraph 79 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 79.

80.     Paragraph 80 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 80.

81.     Paragraph 81 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 81.

82.     Paragraph 82 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 82.

83.     Paragraph 83 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 83.

**B.     COUNT II**

84.     Answering Paragraph 84, Intervenor-Defendants repeat and incorporate all previous responses as if fully restated herein.

85.     Paragraph 85 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 85.

86.     Paragraph 86 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 86.

87.     Paragraph 87 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 87.

88.     Paragraph 88 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 88.

89.     Paragraph 89 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 89.

### C.     COUNT III

90.     Answering Paragraph 90, Intervenor-Defendants repeat and incorporate all previous responses as if fully restated herein.

91.     Paragraph 91 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants admit that the cited authority contains the quoted language, but otherwise deny the allegations set forth in Paragraph 91.

92.     Paragraph 92 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 92.

93.     Paragraph 93 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 93.

94.     Paragraph 94 sets forth a legal conclusion and thus requires no response.  To the extent any response is required, Intervenor-Defendants deny the allegations set forth in Paragraph 94.

## VII.    RELIEF REQUESTED

Intervenor-Defendants deny that Plaintiffs are entitled to the relief requested in their Complaint, or to any other form of relief.

## AFFIRMATIVE DEFENSES

1.    Intervenor-Defendants are sovereign entities that are immune from suit. Intervenor-Defendants are required to answer the Complaint under Federal Rule of Civil Procedure 24(c).  By intervening as Defendants in this action, and filing this Proposed Answer in Intervention to the Complaint, Intervenor-Defendants do not waive their tribal sovereign immunity from suit. *See, e.g.*, *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (explaining that a "waiver of sovereign immunity cannot be implied but must be unequivocally expressed." (internal quotations omitted)); *Maverick Gaming LLC v. United States*, 123 F.4th 960, 978 (9th Cir. 2024), *cert. denied sub nom. RunItOneTime LLC v. United States*, 146 S. Ct. 98 (2025) (finding that tribe's intervention for limited purpose did not constitute blanket waiver of sovereign immunity).

2.    Intervenor-Defendants incorporate and assert any and all affirmative defenses advanced by the Defendants in this action.

3.    All possible affirmative defenses may not have been alleged insofar as sufficient facts were not available after reasonable inquiry upon filing of this Answer.  Therefore, Intervenor-Defendants reserve the right to amend this Answer to allege additional affirmative defenses and claims, counterclaims, cross-claims or third-party claims, as applicable, upon further investigation and discovery.

WHEREFORE, Intervenor-Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing by way of their Complaint, and the same be dismissed with prejudice;

2.      For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ David A. Luttinger, Jr.

Bryan Newland (*pro hac vice* forthcoming)
POWERS PYLES SUTTER & VERVILLE PC
1250 Connecticut Ave NW, Eighth Floor
Washington, DC 20036
(202) 466-6550
Bryan.Newland@powerslaw.com

*Counsel for The Mohegan Tribe of
Indians of Connecticut*

Joseph H. Webster (*pro hac vice* forthcoming)
HOBBS STRAUS DEAN & WALKER LLP
1899 L Street NW, Suite 1200
Washington, DC 20036
JWebster@hobbsstraus.com

*Counsel for The Mashantucket
Pequot Tribal Nation*

David A. Luttinger, Jr. (Bar No. ct28859)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001
(212) 841-1000
dluttinger@cov.com

Kevin F. King (application forthcoming)
Thomas Brugato (application forthcoming)
COVINGTON & BURLING LLP
One City Center
850 10th Street NW
Washington, DC 20001
(202) 662-6000
kking@cov.com
tbrugato@cov.com

*Counsel for The Mohegan Tribe of
Indians of Connecticut and The
Mashantucket Pequot Tribal Nation*

May 26, 2026

15

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 26, 2026, I caused the foregoing document to be filed with the Clerk of the Court of the United States District Court for the District of Connecticut using the Court's CM/ECF system.

/s/ David A. Luttinger, Jr.
David A. Luttinger, Jr.

*Counsel for The Mohegan Tribe of Indians of Connecticut and The Mashantucket Pequot Tribal Nation*