**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

THE UNITED STATES OF AMERICA; and
COMMODITY FUTURES TRADING
COMMISSION,

    *Plaintiffs*,

NORTH AMERICAN DERIVATIVES
EXCHANGE, INC., d/b/a CRYPTO.COM |
DERIVATIVES NORTH AMERICA,

    *Intervenor-Plaintiff*,

    v.

STATE OF CONNECTICUT, *et al.*,

    *Defendants*,

    v.

MOHEGAN TRIBE OF INDIANS OF
CONNECTICUT; and MASHANTUCKET
PEQUOT TRIBAL NATION,

    *Proposed Intervenors-Defendants*.

Case No. 3:26-cv-498-VDO

**PROPOSED INTERVENORS-DEFENDANTS' NOTICE OF ADDITIONAL
AUTHORITY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**

Proposed Intervenors-Defendants the Mohegan Tribe of Indians of Connecticut and the Mashantucket Pequot Tribal Nation (collectively, the "Tribes") respectfully submit the Notice of Proposed Rulemaking ("NPRM") recently published by the Commodity Futures Trading Commission ("CFTC") concerning prediction markets as additional authority supporting the Tribes' motion for leave to intervene (ECF 53). *See Prediction Markets; Public Interest Determinations*, 91 Fed. Reg. 35,806 (Jun. 12, 2026). A copy of the NPRM is attached.

The NPRM supports the Tribes' proposed intervention for two main reasons. ***First***, the NPRM acknowledges that the CFTC's preemption arguments would, if successful, affect Indian tribes' "exclusive right to regulate gaming on Indian lands." 25 U.S.C. § 2701(5). The CFTC evaluated its proposed rule under the criteria prescribed by Executive Order 13175, which requires assessment of whether an action "has a substantial direct effect on one or more Indian tribes, the federal tribal relationship, or the distribution of power between tribes and the federal government." 91 Fed. Reg. at 35,858 (citation omitted). Applying these criteria, the NPRM recognizes that the Indian Gaming Regulatory Act ("IGRA") establishes a "comprehensive federal framework" for regulating "gaming on Indian lands," and that Congress designed IGRA to ensure that such gaming provides "a means of promoting tribal economic development and self-sufficiency." *Id*. at 35,858–59. The NPRM's recognition that treating prediction markets' sports bets as "swaps" has "tribal implications" under IGRA and Executive Order 13175, *id*. at 35,858, confirms that the CFTC's position threatens the Tribes' federally protected sovereign and economic interests. *See* Tribes' Memorandum (ECF 53-1, "Mem.") at 13–18; Tribes' Reply Br. (ECF 79, "Reply") at 2–5.

***Second***, the NPRM acknowledges that tribal interests regarding the legal status of sports event contracts are distinct from those held by other parties. The NPRM states that "[t]he United States has a unique legal relationship with Indian tribal governments," 91 Fed. Reg. at 35,859

1

(quoting Executive Order 13175 § 2(a), 65 Fed. Reg. 67,249 (Nov. 9, 2000)), and "recognizes the importance of gaming revenue to tribal governments and the federal interest," *id.* at 35,858. The CFTC thus "met with Indian tribal governments concerning prediction markets" and invited tribes to comment on "aspects" of the NPRM that could "affect tribal governmental, economic, or regulatory interests." *Id.* at 35,859. The CFTC's recognition that the NPRM could "affect" separate tribal interests undermines the Federal Government's arguments in this litigation that (1) the Tribes' "IGRA rights have no connection to the claims in this case" and (2) "Connecticut already adequately represents [the Tribes'] interest." Opposition Brief (ECF 56) at 3–5. As the Tribes explained—and as the NPRM appears to acknowledge—the Tribes have distinct economic and sovereign interests that are directly implicated by the issues presented in this litigation. *See* Mem. at 13–18; Reply at 2–5. The Tribes should be permitted to intervene to protect these unique interests.

Respectfully submitted,

Bryan Newland (*pro hac vice*)
POWERS PYLES SUTTER & VERVILLE PC
1250 Connecticut Ave NW, Eighth Floor
Washington, DC 20036
(202) 466-6550
Bryan.Newland@powerslaw.com

*Counsel for The Mohegan Tribe of Indians of Connecticut*

Joseph H. Webster (*pro hac vice*)
HOBBS STRAUS DEAN & WALKER LLP
1899 L Street NW, Suite 1200
Washington, DC 20036
JWebster@hobbsstraus.com

*Counsel for The Mashantucket Pequot Tribal Nation*

June 16, 2026

*/s/ David A. Luttinger, Jr.*
David A. Luttinger, Jr. (Bar No. ct28859)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001
(212) 841-1000
dluttinger@cov.com

Kevin F. King (*pro hac vice*)
Gary M. Rubman (*pro hac vice*)
Thomas Brugato (application pending)
Scott J. Garfing (*pro hac vice*)
COVINGTON & BURLING LLP
One City Center
850 10th Street NW
Washington, DC 20001
(202) 662-6000

*Counsel for The Mohegan Tribe of Indians of Connecticut and The Mashantucket Pequot Tribal Nation*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 16, 2026, I caused the foregoing document to be filed with the Clerk of the Court of the United States District Court for the District of Connecticut using the Court's CM/ECF system.

*/s/ David A. Luttinger, Jr.*
David A. Luttinger, Jr.

*Counsel for The Mohegan Tribe of*
*Indians of Connecticut and The*
*Mashantucket Pequot Tribal Nation*
